IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.:   4:12cr31/RH/GRJ
                   4:13cv194/RH/GRJ

SHELDON V. VANOVER

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended Motion under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and supporting memorandum of law, (Doc. 58), the Government's response (Doc. 59) and Defendant's reply. (Doc. 61.) After a careful review of the record and the arguments presented, the Court concludes that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

Defendant was charged with three counts of distribution of cocaine base ("crack" cocaine) on dates certain between March 2012 and April of 2012 in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Doc. 1). The Government filed a notice of its intent to seek enhanced penalties due to Defendant's prior felony convictions. (Doc. 12.) Defendant pleaded guilty on September 20, 2012 pursuant to a written plea agreement and statement of facts. (Docs. 20–22.)

In the Second Final Presentence Investigation Report ("PSR"), Defendant was held accountable for 239.64 kilograms of marijuana equivalent, which yielded a base

offense level of 26. (Doc. 31, PSR ¶ 28). However, due to his three prior felony drug convictions, Defendant was classified as a career offender, and as such Defendant's base offense level became 34. (*Id*. at ¶ 34.)

Sentencing, originally scheduled for November 30, 2012, was continued upon motion of the defense so counsel could examine documents relating to Defendant's prior felony convictions. (Docs. 27, 29.) The court ultimately sentenced Defendant at the low end of the applicable guidelines range to a term of 188 months imprisonment. (Docs. 33, 44.)

Defendant filed a *pro se* notice of appeal on January 9, 2013, but his appeal was dismissed with prejudiced on May 20, 2013 upon his own motion. (Docs. 35, 55.) In the interim, on January 17, 2013, Defendant filed a "Motion to Correct Sentence," in which he claimed that his prior Florida conviction for cocaine trafficking should not have counted as a predicate offense under § 4B1.2(b) of the Sentencing Guidelines. (Doc. 46.) The Court denied Defendant's motion on January 21, 2013 after requiring a response from the Government. (Docs. 47, 48, 51.)

The Clerk received Defendant's initial motion to vacate during the pendency of his direct appeal. (Doc. 54.) He was directed to file an amended motion. (Doc. 57.) That motion is the one currently pending before the Court. (Doc. 58.) Defendant asserts that counsel was constitutionally ineffective because he failed to object to and argue on appeal that Defendant's Florida "conspiracy to traffic" conviction was not a controlled substance offense as contemplated by § 4B1.1 of the Sentencing Guidelines. In his supporting memorandum, Defendant states that, if the court finds that counsel

was not ineffective for failing to make this argument, he alternatively wishes to assert that his state court conviction is unconstitutional as it was obtained in violation of his due process rights. (Doc. 58 at 20.) The Government opposes the motion.

In November of 2013, Defendant filed a motion to amend or supplement his motion in which he alleged that counsel was constitutionally ineffective because he "failed to investigate" the prior convictions that were used to enhance his sentence. (Doc. 64 at 4.) Defendant also makes reference to counsel's alleged failure to relay a plea offer to him in a timely manner, and claims in an affidavit attached to the motion that at some point he "was offered a plea without the career offender enhancement." (*Id*. at 4–5, 11.) The Court granted Defendant's motion to supplement to the extent Defendant requested consideration of the arguments contained therein in ruling on his § 2255 motion. The order further acknowledged Defendant's representation that he had challenged his state conviction via a motion within the state system. The Court instructed Defendant to file a notice with the Court within thirty days advising of the status of the challenge to the referenced state court conviction. (Doc. 73.) More than one-hundred twenty days have elapsed, and Defendant has not responded to that order.

## LEGAL ANALYSIS

### *General Standard of Review*

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1)

violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  Nyhuis, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998);  McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."  Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055).   Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."  Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  Lynn, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503 (2003); see also United States v. Franklin, 694 F.3d, 1, 8 (11th Cir. 2012).  In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable

professional norm and that he was prejudiced by this inadequacy. Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). Strickland's two part test also applies to guilty pleas. Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012) (citing Hill v. Lockhart, 474 U.S. 52, 58 (1985)). The Sixth Amendment right to the effective assistance of counsel extends specifically "to the negotiation and consideration of plea offers that lapse or are rejected." In re Perez, 682 F.3d 930, 932 (11th Cir.2012) (citing Missouri v. Frye, —— U.S. ——, 132 S.Ct. 1399 (2012); Lafler v. Cooper, ——U.S. ——, 132 S.Ct. 1376 (2012)). A defendant who claims that ineffective advice led him to reject a plea offer must show that but for ineffective assistance of counsel, he would have accepted the plea, and that the conviction or sentence or both under the terms of the plea offer would have been less severe than under the judgement and sentence that were imposed. Lafler, 132 S.Ct. at 1385. In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir.2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; see also Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's

performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.  Strickland, 466 U.S. at 689.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315.  When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."  Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  Strickland, 466 U.S. at 694.  "The likelihood of a different result must be substantial, not just conceivable."  Harrington v. Richter, 562 U.S. 86, 112 (2011) (quoting Strickland).  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a

windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687).  Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  Glover v. United States, 531 U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  Id. at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test.  See Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313.  This is because the

test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." See 28 U.S.C. § 2255(b); Rosin v. United States, 786 F.3d 873 (11th Cir. 2015); Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. Gordon, 518 F.3d at 1301 (citing Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true would prove he is entitled to relief. See Hernandez v. United States, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239.

### *Defendant's Individual Claims for Relief*

Defendant claims that both trial and appellate counsel provided constitutionally ineffective assistance.  Defendant's claims are premised upon his assertion that the district court erred in finding that he qualified as a career offender based on his two prior controlled substance offenses.  Defendant separately asserts that trial counsel "failed to investigate" the prior convictions that were used to enhance his sentence, and that if he had, there would have been "no doubt that Petitioner could not of (sic) been careered with that prior charge."  (Doc. 64 at 4).

The underlying question of the validity of the application of the career offender enhancement was thoroughly analyzed in the District Judge's order denying Defendant's motion to correct his sentence.  (Doc. 51.)  The District Judge found, after examining limited Shepard-approved documents,[1] that Defendant's 1995 and 2003 convictions each qualified as "controlled substance offenses" in accordance with § 4B1.2 of the Sentencing Guidelines.  (*Id*. at 4–5.)  Therefore, the instant motion is essentially an attempt to relitigate this issue under the guise of an ineffective assistance of counsel claim.  In light of the District Judge's analysis of this issue, Defendant has not shown that he was prejudiced by either trial or appellate counsel's failure to pursue what would have been a meritless claim.  Furthermore, despite Defendant's assertion to the contrary, the record reflects that counsel did investigate Defendant's prior convictions, even moving to continue the sentencing hearing in order to do so.  (*See* Doc. 27.)

---

[1]*See* Shepard v. United States, 544 U.S. 13 (2005).

Defendant's suggestion that either of his underlying state court convictions was unconstitutional is conclusory and unsupported.  Additionally, as discussed above, Defendant failed to respond to this Court's order directing him to advise the Court of the status of his purported challenge to his state conviction.  As such, there is no basis for § 2255 relief.

Defendant's assertion that counsel failed to relay a plea offer to him in a timely manner is also bereft of factual support, particularly given the fact that Defendant entered a plea.  In his affidavit, Defendant states that he "was offered a plea without the career offender enhancement." (Doc. 64 at 11.)  However, in light of the undersigned's knowledge of the practices of the Office U.S. Attorney for this district, this conclusory assertion is simply not credible. Defendant has not shown that he is entitled to either an evidentiary hearing or relief on this claim.  See Lynn, 365 F.3d at 1239.

## CONCLUSION

For all of the foregoing reasons, the Court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted.  Therefore, Defendant's motion should be denied in its entirety.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific

issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The amended motion to vacate, set aside, or correct sentence (Doc. 58) should be **DENIED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 17th day of July, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.:  4:12cr31/RH/GRJ; 4:13cv194/RH/GRJ

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.:  4:12cr31/RH/GRJ; 4:13cv194/RH/GRJ