## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                              CASES NO.  4:12cr31-RH/GRJ
                                                           4:13cv194-RH/GRJ

SHELDON V. VANOVER,

      Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant Sheldon L. Vanover has moved under 28 U.S.C. § 2255 for

relief from his judgment of conviction.  The motion is before the court on the

magistrate judge's report and recommendation, ECF No. 75, and the objections,

ECF No. 76.  I have reviewed de novo the issues raised by the objections.  This

order adopts the report and recommendation as the court's opinion, with these

additional notes.

Mr. Vanover's career-offender claim, now cast in terms of ineffective

assistance, is unfounded.  As set out in the order of July 31, 2013, ECF No. 51, Mr.

Vanover was properly treated as a career offender.

Mr. Vanover's assertion that he was offered a plea agreement under which he would not be treated as a career offender also provides no ground for relief.

First, Mr. Vanover's declaration does not say how Mr. Vanover learned of any offer—that is, the declaration gives no basis to believe Mr. Vanover can give admissible testimony that there was in fact an offer. Absent a proffer of admissible testimony, there is no need for an evidentiary hearing on the issue.

Second, the declaration says only that Mr. Vanover was offered such an agreement, not that he accepted the offer or would have done so at the time it was offered. The declaration does not say that Mr. Vanover was unaware of the offer at the time or, if not, when and how he later learned of the offer. If he knew of the offer and did not accept it, he has no grounds for complaint. If he did not know of the offer at that time, he might have a basis to complain—but he could testify that there was an offer only if he could explain how he later learned of the offer or if he could provide other admissible evidence of the offer.

Third, the Federal Rule of Criminal Procedure 11 plea colloquy addressed at length Mr. Vanover's voluntary decision to plead guilty on terms set out in a written plea agreement and supplement—on those terms and nothing more. The plea agreement and supplement made no promises about and imposed no limits on the sentence that could be imposed. I explained this to Mr. Vanover in detail. In short, the plea established Mr. Vanover's guilt but left him subject to any sentence

up to the statutory maximum.  Mr. Vanover said he understood this, that there was no contrary agreement, and that he had never discussed with anyone from the government the subjects of sentencing or what would happen if he pleaded guilty.

Fourth, the consistent practice of the United States Attorney in this district is not to bargain on sentencing.  In more than 19 years of presiding over criminal cases in this district, I have seen not a single plea agreement of the kind Mr. Vanover says he was offered.  This makes the omissions from Mr. Vanover's declaration especially important.  If he asserts he knows relevant facts—that an offer was made, its terms, how he learned of the offer, and whether he would have accepted it—he should attest the facts under penalty of perjury.  A defendant is sometimes less willing to make false assertions if the defendant knows there may be adverse consequences for doing so.

Fifth, the attorneys for both sides solemnly represented at the conclusion of the plea proceeding that there was no agreement or understanding between the two sides other than as set out in the written plea agreement and supplement as filed with the court.  Mr. Vanover has suggested no plausible reason why the government's attorney would misrepresent the existence of an offer the attorney allegedly made.  And Mr. Vanover has suggested no plausible reason why his own attorney would keep secret a favorable offer if indeed one was made; this is, after

all, a case in which the defendant pleaded guilty, not a case in which the defendant went to trial.

Absent a proffer of more evidence than Mr. Vanover's unexplained statement that he "was offered a plea without the career offender enhancement," ECF No. 64 at 11, this claim should properly be denied without an evidentiary hearing.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds,

a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED."

2. The defendant's application for a certificate of appealability is DENIED.

SO ORDERED on October 28, 2015.

s/Robert L. Hinkle
United States District Judge